UNITED STATES COURT OF INTERNATIONAL TRADE
BEFORE: THE HONORABLE STEPHEN ALEXANDER VADEN, JUDGE

| | |
|---|---|
| ELLWOOD CITY FORGE COMPANY, ELLWOOD NATIONAL STEEL COMPANY, ELLWOOD QUALITY STEELS COMPANY, and A. FINKL & SONS, <br><br>           Plaintiffs, <br><br>                  v. <br><br>UNITED STATES, <br><br>           Defendant, <br><br>           and <br><br>METALCAM, S.P.A., <br><br>           Defendant-Intervenor. | Court No. 21-00073 |

**ORDER**

Upon consideration of the Motion for Reconsideration of the Court's Opinion and Judgment filed by Plaintiffs, it is hereby

ORDERED that Plaintiffs' motion is DENIED.

Dated: _____, 2022
       New York, New York                                   Stephen A. Vaden, Judge

US.351403115.02 222003.000001

UNITED STATES COURT OF INTERNATIONAL TRADE
BEFORE: THE HONORABLE STEPHEN ALEXANDER VADEN, JUDGE

| | |
|---|---|
| ELLWOOD CITY FORGE COMPANY, ELLWOOD NATIONAL STEEL COMPANY, ELLWOOD QUALITY STEELS COMPANY, and A. FINKL & SONS,<br><br>    Plaintiffs,<br><br>    v.<br><br>UNITED STATES,<br><br>    Defendant,<br><br>    and<br><br>METALCAM, S.P.A.,<br><br>    Defendant-Intervenor. | Court No. 21-00073 |

**RESPONSE OF DEFENDANT-INTERVENOR IN OPPOSITION TO PLAINTIFFS' RULE 59 MOTION FOR RECONSIDERATION**

Pursuant to the Court's July 15, 2022 Order, ECF No. 47, Defendant-Intervenor Metalcam S.p.A. respectfully submits the following response in opposition to Plaintiffs' Rule 59 Motion for Reconsideration ("Plaintiffs' Motion"). In its Motion for Reconsideration, Plaintiffs claim that "new facts in the form of a Commerce remand redetermination establish that the analysis of the futility exception to the doctrine of administrative exhaustion" in the Court's June 14, 2022 Opinion "should be reconsidered." *See* Plaintiffs' Motion, at 1 (citing *Ellwood City Forge Co. v. United States*, Slip Op. 22-66, ECF No. 44 (June 14, 2022) (hereinafter "*Opinion*"). For the reasons explained below, Plaintiffs' Motion is meritless (at best) and the Court should therefore deny it.

I.      **LEGAL STANDARD FOR RECONSIDERATION UNDER RULE 59(A).**

This Court may grant a motion for reconsideration under Rule 59 only as "a method of rectifying a significant flaw in the conduct of the original proceeding." *Union Camp Corp. v. United States*, 21 CIT 373, 372, 963 F. Supp. 1212, 1213 (1997). "A court's previous decision will not be disturbed unless it is 'manifestly erroneous.'" *USEC, Inc. v. United States*, 25 CIT 229, 230, 138 F. Supp. 2d 1335, 1337 (2001). This Court has identified four bases for granting rehearing under Rule 59:

> (1) an error or irregularity in the trial; (2) a serious evidentiary flaw; (3) a discovery of important new evidence which was not available even to the diligent party at the time of trial; or (4) an occurrence at trial in the nature of an accident or unpredictable surprise or unavoidable mistake which impaired a party's ability to adequately present its case[,] and must be addressed by the Court.

*Acquisition 362, LLC v. United States*, 45 CIT ___, 539 F. Supp. 3d 1251, 1255-56 (2021), *appeal docketed*, No. 22-1161 (Fed. Cir. Nov. 17, 2021).

This Court has held that "a motion for reconsideration will not be granted merely to give a losing party another chance to re-litigate the case." *KYD, Inc. v. United States*, 36 CIT 676, 677, 838 F. Supp. 2d 1410, 1413 (2012), *aff'd mem.* 520 Fed. Appx. 956 (Fed. Cir. 2013). Moreover, "[t]he discretion granted to the Court by USCIT R. 59 is not intended to relieve a party from the negative implications of *a calculated strategic decision or sloppy work*." *United States v. Inn Foods, Inc.*, 27 CIT 1055, 1058, 276 F. Supp. 2d 1359, 1362 (2003) (emphasis added). Indeed, "[w]here a motion for reconsideration simply repeats the movant's earlier arguments, without showing that something material was overlooked or disregarded, presenting previously unavailable evidence or argument, or pointing to substantial error of fact or law, *such motion is frivolous*." *Miller v. Norfolk Southern Rwy. Co.*, 208 F. Supp. 2d 851, 853 (N.D. Ohio 2002) (emphasis added).

US.351403115.02 222003.000001

**II.   PLAINTIFF'S MOTION FOR RECONSIDERATION IS MERELY AN IMPERMISSIBLE ATTEMPT TO RE-LITIGATE THE CASE.**

Most of Plaintiffs' Motion consists of re-litigating risible assertions from the underlying litigation.  For example, just three sentences into the merits section of its Motion, Plaintiffs begin re-hashing the Court's central finding, raising the same point that they cite in their previous briefs before the Court:

> The *Opinion* notes that Plaintiffs "precluded Commerce from the opportunity to make a final determination on the issue" of whether on-site verification was required.  *Opinion* at 31.  The Court overlooked, however, that Commerce did make a final determination on the issue—that "on-site verifications {are} required under Section 782(i) of the Act."  Final IDM at 2 (Appx083283); *see also* Pls. Opening Br. At 12, 18, ECF Doc. 21 (arguing the same); Pls. Summary Br. At 3, ECF Doc. 42 (arguing the same).

Plaintiffs' Motion, at 2.  Aside from the fact that Rule 59 is not the place for reiterating arguments with respect to which the Court has already ruled, Plaintiffs quote Commerce completely out of context.  The actual statement that Commerce made was as follows: "On September 2, 2020, Commerce issued questionnaires requesting additional information from Metalcam and Lucchini in lieu of performing on-site verifications required under section 782(i) of the Act."  Final IDM at 2 (Appx083283).

Later in its Motion, Plaintiffs shamelessly attempt to re-litigate the exhaustion issue, claiming that they "had stated that the law required on-site verification."  Plaintiffs' Motion, at 4 (citing their *Post-Preliminary Comments*, at 38-39) (Appx82917-82918).  Here is what Plaintiffs *actually* said:

> Finally, if Commerce determines that further verification is warranted, we urge Commerce not to give respondents authorization to once again correct erroneous sales and cost submissions.  To that end, Commerce should ask respondents to finally support the record that they have provided.  To date, gaps exist and reported costs have not been supported with anything

3

> other than respondents' say so. A decision to do otherwise would only invite further abuse of process by the respondents, particularly when they know that COVID-19 will likely prevent Commerce from conducting a robust on-site verification, as contemplated under the statute.

*Plaintiffs' Post-Preliminary Comments* (Aug. 4, 2020), at 38-39 (Appx82917-82918). At the oral argument in this case, the Court probed Plaintiffs' claim that this statement somehow constituted an objection to any form of verification other than "on-site" verification:

> THE COURT: Even – even, you know – let's – granted, this happened at weird time [sic], things may have gone out of traditional order, but you never once attempted to throw the penalty flag to say to Commerce, cut it out.
>
> MR. BELINE: We did in our post-preliminary comments, Your Honor. In fact, the Commerce Department said, "We plan to verify in the preliminary determination." And we said, "Great. Thank you for planning to verify. Here's a list of things we want you to examine." I don't know what more we could have done.
>
> THE COURT: But you didn't – but you didn't say in the post-preliminary comments, it will not be a verification unless you buy a plane ticket to Italy and go over there and look at their facilities in person. You never said that, and yet, that is – you're – you're giving a stronger version of the argument than I have seen other people make. You're drawing a line in the sand and we'll get to that in a minute. At least in part, your – your first kind of sub-argument is, nothing short of in person will do. That's an extremely strong form of the argument to make, and it is – it's something that you knew at the latest when they submitted the questionnaire, they had no intention of doing, and yet you never said, what gives?
>
> MR. BELINE: So, Your Honor, I think the reason why we didn't say, what gives, goes back to my comment from earlier where we treated and took Commerce at their word that they were going to treat this as a – an analog, if not stand-in, for a real verification. And it was only when they didn't apply the practice of analyzing the data, that we said, hold on a second, this was a bat and switch. They said they were going to do a verification, this was the way they did it, but then they turned around and said you guys have got it all wrong, that wasn't intended to be a verification because we didn't conduct a verification.

4

*Transcript of Oral Argument*, ECF No. 41, at 18-19.  In the *Opinion*, the Court expressly rejected Plaintiffs' position, quoting the same passage of *Plaintiffs' Post-Preliminary Comments* as repeated above, but concluding that "[e]ven then, Plaintiffs did not object to suggest an alternative procedure for Commerce to employ.  Plaintiffs instead confirmed their understanding that Commerce would not engage in its traditional 'on-site verification.'"  *Opinion*, at 13.  The Court concluded that during oral argument, "[d]espite multiple invitations, Plaintiffs' counsel could not direct the Court to any specific page in the administrative record where Plaintiffs raised the statutory on-site verification arguments they now vigorously propound."  *Id*. at 12.

All of the above argumentation/re-litigation was addressed by the Court in its *Opinion*, and thus Plaintiffs' Motion does not merit reconsideration under Rule 59.

**III.    PLAINTIFFS' CITATION OF COMMERCE'S SUBSEQUENT REMAND REDETERMINATION IN A DIFFERENT PROCEEDING DOES NOT CONSTITUTE "NEW EVIDENCE" THAT MERITS RECONSIDERATION UNDER RULE 59.**

Despite the reality that Plaintiffs' Motion is merely an impermissible attempt to give themselves, as the losing party, "another chance to re-litigate the case," *KYD, Inc*., 36 CIT at 677, 838 F. Supp. 2d at 1413, Plaintiffs attempt to justify its Motion by pointing to a remand determination by Commerce in an entirely separate lawsuit with a different plaintiff, *Bonney Forge Corp. v. United States*, USCIT Ct. No. 20-03837 (the "*Bonney Forge Case*").  Plaintiffs' Motion, at 3 (citing "Final Results of Redetermination Pursuant to Court Remand" in the *Bonney Forge Case* (June 30, 2022) ("*Redetermination*"), at 13-14 and attaching copy as Exhibit 1 to its Motion).  According to Plaintiffs, Commerce's *Redetermination* in the *Bonney Forge Case* shows that Commerce believes that 63 days before a final determination in an investigation is "too late" to entertain a request for "procedural modifications" to verification.  Plaintiffs' Motion, at 3.  Plaintiffs assert that if 63 days in the *Bonney Forge Case* was too late for

5

Commerce to reverse its course and conduct an on-site verification, then the 48-day window between Plaintiffs' submission of their case brief (on October 20, 2020) and Commerce's *Final Determination* (on December 7, 2020) in the instant investigation was also too late, and therefore it somehow would have been "futile" for Plaintiffs to complain in their case brief that a questionnaire in lieu of verification was unlawful.  Plaintiffs' Motion, at 3.

Plaintiffs argue that Commerce's *Redetermination* in the *Bonney Forge Case* somehow constitutes "a discovery of important new evidence which was not available even to the diligent party at the time of trial," *see Acquisition 362, LLC*, 45 CIT at ___, 539 F. Supp. 3d at 1255-56 (identifying permissible grounds for reconsideration).  Plaintiffs' claim does not merit serious consideration by the Court, for several reasons.

First (and foremost), the Court's *Opinion* already addressed and rejected Plaintiffs' argument that by the time the case brief was due, Commerce may have had insufficient time to "turn the ship around" in response to an argument that the statute demanded an on-site verification and a verification questionnaire would have been insufficient.  The Court reasoned as follows:

> Even if Commerce could not have further tolled the deadline for the final determination or established new verification procedures in the remaining time, it still would have been preferable, for purposes of administrative regularity and judicial efficiency, for Ellwood City "to make its arguments in its case brief and for Commerce to give its full and final administrative response in the final results.  Commerce could then have acknowledged and responded to Ellwood City's objections on the record.  And this is to say nothing of what procedural modifications Commerce could have made had Plaintiffs not remained silent but instead stated their objections early and often.

*Opinion*, at 30 (cleaned up).  The Court concluded that "[t]he futility exception is a narrow one, and Ellwood City has not satisfied it."  *Id.* at 31 (cleaned up).

6

Second, evidence of facts not in existence at the time of the Court's original decision does not constitute a valid basis for rehearing. *Sharp Elecs. Corp. v. United States*, 14 CIT 1, 2-3, 729 F. Supp. 1354, 1356 (1990) ("[t]o constitute newly discovered evidence for which a new trial may be granted under Rule 59, the evidence must pertain to facts in existence at the time of trial and not to facts that have occurred subsequently"); *see also* 11 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2859 (3d ed. 1998) (regarding "newly discovered evidence" grounds for reconsideration under Rule 59, "the evidence must have been in existence at the time of the trial"). Here, even if it were true that Commerce decided in its June 30, 2022 *Redetermination* that 63 days was not enough time for it to entertain an alternative approach to verification, that "fact" was not in existence at the time of this Court's *Opinion* on June 14, 2022. Further, that "fact" was not on the administrative record in the proceeding under review now, and therefore cannot be the basis for overturning Commerce's determination. Accordingly, Commerce's *Redetermination* in the *Bonney Forge Case* cannot constitute "newly discovered evidence" that justifies granting a motion for reconsideration.

Third, "[a] judgment also will not be reopened if the evidence is merely cumulative and would not have changed the result." 11 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2859 (3d ed. 1998); *see also USEC, Inc. v. United States*, 25 CIT 229, 231, 138 F. Supp. 2d 1335, 1338 (2001) (denying Rule 59 motion in part on grounds that "evidence" cited was merely "cumulative information reasserting the same facts asserted" previously). Here, Plaintiffs simply are attempting to provide additional "evidence" in its Motion to supplement the "evidence" it presented earlier in support of its assertion that "[a]t the briefing and hearing stage, reverification was a temporal impossibility." Plaintiffs' Reply Brief,

ECF No. 26, at 9-10.  Presenting more "evidence" in support of that contention does not constitute sufficient grounds for reconsideration under Rule 59.

## IV.     CONCLUSION.

For all of the above reasons, the Court should deny Plaintiffs' frivolous Motion for Reconsideration.

Respectfully submitted,

/s/ Richard P. Ferrin
Douglas J. Heffner
Richard P. Ferrin
Carrie Bethea Connolly
**FAEGRE DRINKER BIDDLE & REATH LLP**
1500 K Street, N.W.
Washington, DC 20005
(202) 230-5803
richard.ferrin@faegredrinker.com

*Counsel to Metalcam S.p.A.*

July 29, 2022

US.351403115.02 222003.000001