# IN THE UNITED STATES COURT OF INTERNATIONAL TRADE

BEFORE: THE HONORABLE STEPHEN ALEXANDER VADEN, JUDGE

Court No. 21-00073

---

ELLWOOD CITY FORGE CO., *et al.*

Plaintiffs,

v.

THE UNITED STATES,

Defendant,

and

METALCAM, S.P.A.,

Defendant-Intervenor.

---

## DEFENDANT'S RESPONSE TO PLAINTIFFS' MOTION FOR RECONSIDERATION

---

|  |  |
|---|---|
|  | BRIAN M. BOYNTON<br>Principal Deputy Assistant Attorney General |
|  | PATRICIA M. MCCARTHY<br>Director |
| OF COUNSEL:<br><br>HENDRICKS VALENZUELA<br>U.S. Department of Commerce<br>Office of the Chief Counsel for<br>Trade Enforcement & Compliance<br>1401 Constitution Ave., NW<br>Washington, D.C. 20230 | SARAH E. KRAMER<br>Trial Attorney<br>Commercial Litigation Branch<br>Civil Division<br>Department of Justice<br>P.O. Box 480, Ben Franklin Station<br>Washington, D.C. 20044<br>Tel: (202) 353-0537<br>Email: Sarah.E.Kramer@usdoj.gov |
| August 11, 2022 | *Attorneys for Defendant* |

# TABLE OF CONTENTS

FACTUAL AND PROCEDURAL BACKGROUND ............................................................. 2

    I.     Administrative Proceeding ..................................................................................... 2

    II.    Proceedings Before This Court ............................................................................... 2

ARGUMENT .................................................................................................................................. 3

    I.     Standard Of Review ................................................................................................ 3

    II.    Plaintiffs' Attempt To Re-Litigate The Case Should Be Denied ............................ 4

CONCLUSION ............................................................................................................................... 8

## **TABLE OF AUTHORITIES**

### Cases

*America Nat. Fire Ins. Co. v. United States*,
 30 C.I.T. 1426 (2006) .................................................................................................... 3

*Caldwell v. United States*,
 391 F.3d 1226 (Fed. Cir. 2004) ..................................................................................... 8

*Consol. Bearings Co. v. United States*,
 348 F.3d 997 (Fed. Cir. 2003) ....................................................................................... 4

*Corus Staal BV v. United States*,
 502 F.3d 1370 (Fed. Cir. 2007) ................................................................................. 7, 8

*Home Meridian Int'l, Inc. v. United States*,
 925 F. Supp. 2d 1377 (Ct. Int'l Trade 2013) ............................................................. 3, 4

*Itochu Bldg. Prod. v. United States*,
 733 F.3d 1140 (Fed. Cir. 2013) ..................................................................................... 6

*Jiaxing Bro. Fastener Co. v. United States*,
 822 F.3d 1289 (Fed. Cir. 2016) ..................................................................................... 5

*Papierfabrik August Koehler SE v. United States*,
 931 F. Supp. 2d 1319 (Ct. Int'l Trade 2013) ................................................................. 3

*Prime Time Commerce, LLC, v. United States*,
 No. 2021-1783, 2022 WL 2313968 (Fed. Cir. June 28, 2022) ..................................... 8

*Target Stores v. United States*,
 471 F. Supp. 2d 1344 (Ct. Int'l Trade 2007) ................................................................. 3

*USEC, Inc. v. United States*,
 138 F. Supp. 2d 1335 (Ct. Int'l Trade 2001) ............................................................. 3, 4

*Yama Ribbons & Bows Co. v. United States,*
 865 F. Supp. 2d 1294 (Ct. Int'l Trade 2012) ................................................................. 5

### **Statutes**

19 U.S.C. § 1677m(i) ............................................................................................................ 2, 5

**Other Authorities**

*Forged Steel Fluid End Blocks From Italy,* 85 Fed. Reg. 79,996 (Dep't of
    Commerce Dec. 11, 2020)...................................................................................................2

# IN THE UNITED STATES COURT OF INTERNATIONAL TRADE

BEFORE: THE HONORABLE STEPHEN ALEXANDER VADEN, JUDGE

|  |  |
|---|---|
| ELLWOOD CITY FORGE CO., *et al.*, | ) |
| Plaintiffs, | ) |
| v. | ) |
| UNITED STATES, | ) Court No. 21-00073 |
| Defendant, | ) |
| and | ) |
| METALCAM, S.P.A., | ) |
| Defendant-Intervenor. | ) |

## DEFENDANT'S RESPONSE TO PLAINTIFFS' MOTION FOR RECONSIDERATION

Pursuant to the Court's July 15, 2022 Order, ECF No. 47, defendant, the United States, respectfully submits this response to the motion filed by plaintiffs, Ellwood City Forge Company, Ellwood National Steel Company, Ellwood Quality Steels Company, and A. Finkl & Sons (collectively, plaintiffs or Ellwood), seeking reconsideration of the Court's opinion and judgment sustaining the U.S. Department of Commerce's (Commerce) final determination in the antidumping duty investigation of forged steel fluid end blocks from Italy. Pls.' Mot. for Recon., July 14, 2022, ECF No. 46. As set forth below, because plaintiffs fail to demonstrate that the Court's judgment was based on a manifest error of law or fact, the Court should deny plaintiffs' motion.

1

**FACTUAL AND PROCEDURAL BACKGROUND**

I. **Administrative Proceeding**

The administrative determination under review is the final determination in the antidumping duty investigation of fluid end blocks from Italy. *See Forged Steel Fluid End Blocks From Italy*, 85 Fed. Reg. 79,996 (Dep't of Commerce Dec. 11, 2020) (Final Determination), (Appx083315-083318) and accompanying Issues and Decision Memorandum (IDM), (Appx083282-083314). The period of investigation is October 1, 2018 through September 30, 2019. Final Determination, Appx083315.

II. **Proceedings Before This Court**

Plaintiffs challenged Commerce's final determination in which they argued, among other things, that Commerce's verification questionnaires did not satisfy the requirement that Commerce verify all information relied upon in making a final determination pursuant to 19 U.S.C. § 1677m(i). Pls.' Rule 56.2 Mot. for J. on the Agency Record, July 9, 2021, ECF No. 21. Because Ellwood did not raise any of its grievances regarding Commerce's verification procedures in administrative case and rebuttal briefs – or at any other point during the administrative proceeding – Commerce did not directly address the issue of the selected verification procedures in the final determination.

On June 14, 2022, the Court sustained Commerce's determination. Slip Op. 22-66, ECF No. 44. Relevant here, the Court held that plaintiffs had failed to exhaust their administrative remedies. *Id.* at 15, 36. The Court explained that plaintiffs instead, "complimented the agency for its verification procedures – until those procedures resulted in a final determination not to Ellwood City's liking." *Id* at 15. Moreover, the Court held that "{b}ecause Ellwood City chose not to assert the alleged illegality of Commerce's verification questionnaire, the administrative

2

record is devoid of Commerce's explanation of both the law and the facts supporting its chosen methodology." *Id.* at 36.

On July 14, 2022, plaintiffs filed a motion for reconsideration of the Court's opinion and associated judgment. ECF No. 46. On July 15, 2022, the Court ordered expedited briefing regarding plaintiffs' motion for reconsideration. ECF No. 47.

## ARGUMENT

**I.     Standard Of Review**

The grant or denial of a motion for rehearing and modification pursuant to Rule 59 lies within the sound discretion of the Court. *USEC, Inc. v. United States*, 138 F. Supp. 2d 1335, 1336 (Ct. Int'l Trade 2001) (internal citations omitted). Moreover, the Court's previous decision will not be disturbed unless it is "manifestly erroneous." *Id.* at 1337 (internal citations omitted). "A motion for reconsideration will be granted 'only in limited circumstances,' such as for '1) an error or irregularity, 2) a serious evidentiary flaw, 3) the discovery of new evidence which even a diligent party could not have discovered in time, or 4) an accident, unpredictable surprise or unavoidable mistake which impaired a party's ability to adequately present its case." *Home Meridian Int'l, Inc. v. United States*, 925 F. Supp. 2d. 1377, 1380 (Ct. Int'l Trade 2013) (quoting *Target Stores v. United States*, 471 F. Supp. 2d 1344, 1347 (Ct. Int'l Trade 2007)); *see also Papierfabrik August Koehler SE v. United States*, 931 F. Supp. 2d 1319, 1321 (Ct. Int'l Trade 2013) (describing limited grounds for granting a motion for reconsideration) (quoting *Home Meridian*, 925 F. Supp. 2d at 1380); *USEC, Inc.* 138 F. Supp. 2d at 1337 (same). However, "a motion for reconsideration will not be granted merely to give a losing party another chance to re-litigate the case or present arguments it previously raised." *America Nat. Fire Ins. Co. v. United*

3

*States*, 30 C.I.T. 1426, 1427 (2006); *see also USEC, Inc.*, 138 F. Supp. 2d at 1336-37 (internal citations omitted).

## II.     Plaintiffs' Attempt To Re-Litigate The Case Should Be Denied

Plaintiffs' motion for reconsideration is premised on their erroneous, and previously rejected, claim that the Court should not have required exhaustion of administrative remedies because doing so would have been futile. Pls.' Mot. for Recon. at 2. It appears that plaintiffs' motion attempts to argue for an "error or irregularity" in the Court's opinion. *Id.*; *see Home Meridian Int'l, Inc.*, 925 F. Supp. 2d at 1380. For support, plaintiffs impermissibly rely on an unadjudicated and nonprecedential remand redetermination that Commerce filed in this Court in an unrelated case involving a wholly separate proceeding concerning a different country and a different company, but a segment of which happened to have taken place during an earlier point of the COVID-19 pandemic. Pls.' Mot. for Recon., Exhibit 1. Specifically, plaintiffs contend that Commerce's unadjudicated and nonprecedential remand redetermination filed in the unrelated *Bonney Forge* action, in which Commerce stated, in response to the Court's remand order issued in that unrelated case, that 63 days would have been insufficient to permit Commerce to undertake videoconferencing verification means that the 48 days between the case brief due date and final results in this case, somehow would have made it futile for Ellwood to timely raise its verification arguments here. *Id.* at 3. But, as the Court explained, plaintiffs' arguments against Commerce's verification procedures in this case "confirm the factual rather than purely legal nature of the inquiry." Slip Op. 22-66 at 34 (further explaining that these types of allegations "require a factual record of Commerce's past practice and an assessment of Commerce's justification for any departure from that past practice" (citing *Consol. Bearings Co. v. United States*, 348 F.3d 997, 1003 (Fed. Cir. 2003)). As such, the fact-specific determination

4

made by Commerce in a separate proceeding—much less an unadjudicated and nonprecedential remand redetermination such as that filed in response to the Court's remand order issued in *Bonney Forge* which plaintiffs cite here—does not represent a practice or a methodology that applies equally across all of Commerce's proceedings. *See Jiaxing Bro. Fastener Co. v. United States*, 822 F.3d 1289, 1289-99 (Fed. Cir. 2016) (Commerce only examines the record before it, and each record stands on its own); *see also Yama Ribbons & Bows Co. v. United States,* 865 F. Supp. 2d 1294, 1298 (Ct. Int'l Trade 2012) ("Commerce must base its decisions on the record before it in each individual investigation."). Moreover, even putting aside plaintiffs' inappropriate reliance on a unadjudicated and nonprecedential remand redetermination, because conditions differ between countries and companies, Commerce's verification processes and decisions have always been made and are still being made on a fact-specific, case-by-case basis.

Even assuming, for argument's sake, that Commerce's remand redetermination filed in *Bonney Forge* were an adjudicated decision that Commerce had intended to have precedential value, and that it would not have been inappropriate for plaintiffs to attach the *Bonney Forge* remand redetermination to its motion filed in this case, that redetermination would merely have provided an example of what is missing on the record of this proceeding[1] for explaining why the

---

[1] Plaintiffs also assert, by cherry-picking words out of context, that the "Court overlooked, however, that Commerce did make a final determination on the issue – that 'on-site verifications {are} required under section 782(i) of the Act.'" Pls.' Mot. for Recon. at 2. However, a full reading of the sentence in the "Background" section of the IDM cited by the plaintiffs reveals that Commerce was simply stating for the record the events that transpired during the investigation: "On September 2, 2020, Commerce issued questionnaires requesting additional information from Metalcam and Lucchini in lieu of performing on-site verifications required under section 782(i) of the Act." IDM at 2, Appx083283. Thus, Commerce was noting the fact that on September 2, 2020, Commerce issued verification questionnaires requesting additional information from Metalcam and Lucchini, pursuant to 19 U.S.C. § 1677m(i), in lieu of performing on-site verification, and not, as plaintiffs posit, stating Commerce's position that on-site verification was required.

administrative briefing period in that case did not afford Commerce enough time to revise verification procedures into a "virtual verification."[2]

In contrast, this litigation concerns different companies (Metalcam and Lucchini, not Shakti); a different country (Italy, not India); and this investigation took place at a later point in time during the COVID-19 pandemic, which may have allowed Commerce to consider additional alternatives not available or yet adapted to during the underlying *Bonney Forge* proceeding. Pls.' Mot. for Recon., Exhibit 1 at 6, 23 (noting that Commerce issued verification questionnaires to Shakti between June and July 2020 and that the underlying *Bonney Forge* investigation represented the "earliest instance" of Commerce's verification questionnaires) *compare to* Commerce Letter to Lucchini (dated Sept. 2, 2020), Appx082922-082926 and Commerce Letter to Metalcam (dated Sept. 2, 2020), Appx082927-082931 (collectively, Verification Questionnaires).

Moreover, "this is to say nothing of what procedural modifications Commerce could have made had Plaintiffs not remained silent but instead stated their objections early and often." Slip Op. 22-66 at 30 (citing *Itochu Bldg. Prod. v. United States*, 733 F.3d 1140, 1146 (Fed. Cir. 2013)). As this Court recognized, the case briefing stage was not the only time Ellwood could have registered objections to the verification questionnaire process. Indeed, it could have raised its concerns any time after Commerce indicated it would be conducting verification by questionnaire rather than on-site. *See* Commerce Letter to Lucchini (dated Sept. 2, 2020),

---

[2] This explanation is missing because plaintiffs failed, at any point during the administrative proceeding, to raise their arguments regarding on-site verification, thereby depriving Commerce of the opportunity to respond on the record. *See* Slip Op. 22-66 at 36 ("Because Ellwood City chose not to assert the alleged illegality of Commerce's verification questionnaire, the administrative record is devoid of Commerce's explanation of both the law and the facts supporting its chosen methodology.").

Appx082922-082926 and Commerce Letter to Metalcam (dated Sept. 2, 2020), Appx082927-082931. But Ellwood not only failed to raise its newly alleged grievances in its case briefs, it failed to raise them *at all*.[3] *See* Slip. Op. 22-66 at 30 ("Commerce could reasonably have concluded that it resolved Ellwood City's concerns by its use of questionnaires to test information, and Ellwood City never said otherwise despite having ample opportunity to do so.").

Still, even assuming, for argument's sake, that the unadjudicated and nonprecedential remand redetermination that Commerce filed in *Bonney Forge* could indicate Commerce's inability to address any potential arguments they may have raised administratively, the Court already addressed—in this case—the same argument plaintiffs attempt to re-litigate in their motion – that "at the briefing and hearing stage, reverification was a temporal impossibility." Slip Op. 22-66 at 29; *see also* Pls.' Reply Br. at 9, Nov. 5, 2021, ECF No. 26. The Court correctly held that "{e}ven if Commerce could not have further tolled the deadline for the final determination or established new verification procedures in the remaining time, 'it would still have been preferable, for purposes of administrative regularity and judicial efficiency,' for Ellwood City 'to make its arguments in its case brief and for Commerce to give its full and final administrative response in the final results." *Id.* at 30 (citing *Corus Staal BV v. United States*, 502 F.3d 1370, 1380 (Fed. Cir. 2007)). The Court of Appeals for the Federal Circuit in a recent, nonprecedential opinion affirmed this principle in the context of a remand segment holding that even when it is likely that Commerce would have rejected an argument, "it would still have been

---

[3] Plaintiffs again argue that a statement in the post-preliminary comments counts as raising the issue of on-site verification. Pls.' Mot. for Recon. at 4. This Court has already found that that statement did not put Commerce on notice of plaintiffs' newfound complaints about the verification questionnaire process and that, "{f}ar from objecting to Commerce's actions, Plaintiffs endorsed them." Slip Op. 22-66 at 28 (internal citations omitted).

7

preferable, for purposes of administrative regularity and judicial efficiency," for plaintiff to submit comments and "for Commerce to give its full and final administrative response in the final results." *Prime Time Commerce, LLC, v. United States*, No. 2021-1783, 2022 WL 2313968, at *9 (Fed. Cir. June 28, 2022) (nonprecedential) (citing *Corus Staal,* 502 F.3d at 1380).

A motion for reconsideration is a request for "extraordinary" relief and it is not an avenue for a dissatisfied party to simply re-litigate the case. *Caldwell v. United States*, 391 F.3d 1226, 1235 (Fed. Cir. 2004). Plaintiffs' motion for reconsideration fails to meet the high standard for this extraordinary relief and their motion should be denied.

## **CONCLUSION**

For these reasons, we respectfully request that the Court deny plaintiffs' motion for reconsideration.

8

|  |  |
|---|---|
|  | Respectfully submitted, |
|  | BRIAN M. BOYNTON<br>Principal Deputy Assistant Attorney General |
|  | PATRICIA M. MCCARTHY<br>Director |
| Of Counsel<br>HENDRICKS VALENZUELA<br>U.S. Department of Commerce<br>Office of the Chief Counsel for<br>Trade Enforcement & Compliance<br>1401 Constitution Ave., NW<br>Washington, D.C. 20230 | /s/ Sarah E. Kramer<br>SARAH E. KRAMER<br>Trial Attorney<br>Department of Justice<br>Civil Division<br>Commercial Litigation Branch<br>PO Box 480, Ben Franklin Station<br>Washington, D.C. 20044<br>Tel.: (202) 353-0537<br>Email: sarah.e.kramer@usdoj.gov |
| August 11, 2022 | *Attorneys for Defendant* |

## UNITED STATES COURT OF INTERNATIONAL TRADE

BEFORE:  THE HONORABLE STEPHEN ALEXANDER VADEN, JUDGE

| | |
|---|---|
| _____ )<br>ELLWOOD CITY FORGE CO., *et al.*,  )<br>　　　　　　　　　　　　　　　　　 )<br>　　　　Plaintiffs,　　　　　　　　 )<br>　　　　　　　　　　　　　　　　　 )<br>　　　　v.　　　　　　　　　　　　 )<br>　　　　　　　　　　　　　　　　　 )<br>UNITED STATES,　　　　　　　　　 )<br>　　　　　　　　　　　　　　　　　 )<br>　　　　Defendant,　　　　　　　　 )<br>　　　　　　　　　　　　　　　　　 )<br>　　　　and　　　　　　　　　　　　)<br>　　　　　　　　　　　　　　　　　 )<br>METALCAM, S.P.A.,　　　　　　　　)<br>　　　　　　　　　　　　　　　　　 )<br>　　　　Defendant-Intervenor.　　 )<br>_____ ) | Court No. 21-00073 |

**<u>ORDER</u>**

Upon consideration of plaintiffs' motion for reconsideration of the court's opinion and judgment, defendant's and defendant-intervenor's responses thereto, plaintiffs' reply, and all other pertinent papers, it is hereby

ORDERED that plaintiffs' motion is DENIED.

Dated:_____　　　　　　　　　　　　　　　　　　　_____

　　　　New York, New York　　　　　　　　　　　　　　　　　　　　　　　　　　　Judge

10