# IN THE UNITED STATES COURT OF INTERNATIONAL TRADE
## BEFORE: THE HONORABLE STEPHEN ALEXANDER VADEN, JUDGE

|  |  |
|---|---|
| ELLWOOD CITY FORGE COMPANY, ELLWOOD NATIONAL STEEL COMPANY, ELLWOOD QUALITY STEELS COMPANY, and A. FINKL & SONS,<br><br>        Plaintiffs,<br><br>    v.<br><br>UNITED STATES,<br><br>        Defendant,<br>    and<br><br>METALCAM, S.P.A.,<br><br>        Defendant-Intervenor. | Court No. 21-00073 |

## PLAINTIFFS' REPLY IN SUPPORT OF
## RULE 59 MOTION FOR RECONSIDERATION

Pursuant to Rule 7(d) of the Rules of the United States Court of International Trade ("USCIT") and this court's July 15, 2022, Order, *see* ECF Doc. 47 (July 15, 2022), Ellwood City Forge Company, Ellwood National Steel Company, Ellwood Quality Steels Company, and A. Finkl & Sons (collectively, "Plaintiffs") submit this reply in support of their Rule 59 Motion. *See Ellwood City Forge Co. v. United States*, Slip Op. 22-66, ECF Doc. 44 (June 14, 2022) ("*Opinion*"); Judgment, ECF Doc. 45 (June 14, 2022) ("*Judgment*"); "Rule 59 Motion for Reconsideration," ECF Doc. 46 (July 14, 2022) ("Rule 59 Motion"). Neither Defendant nor Defendant-Intervenor contest the basic factual point that occasions reconsideration—by the time of administrative case briefing, the U.S. Department of Commerce ("Commerce") had insufficient time to conduct on-site, in-country verification. Therefore, Plaintiffs continue to respectfully request that this court exercise its discretion to reconsider the applicability of the

futility exception to the exhaustion doctrine, in accordance with Plaintiffs' Rule 59 Motion and their prior papers in this appeal.  This reply is timely filed by the August 25, 2022, deadline set by this court.  *See* Order, ECF Doc. 47 (July 15, 2022) at 1.

Plaintiffs respectfully submit that the situation presented is straightforward:  subsequent to this court's *Opinion* and *Judgment*, Commerce confirmed in a court filing that 63 days before the final determination is "far too late in the proceeding for Commerce to pursue {a} request" for procedural modifications to verification, meaning that as a practical matter Commerce had insufficient time between receiving administrative case briefs and issuing its final determination in this case to undertake a statutorily compliant in-country, on-site verification no matter what Plaintiffs argued administratively.  *See generally* Rule 59 Motion.  All parties recognize that the *Opinion* found the futility exception inapplicable both in service of "administrative regularity" and in consideration of "procedural modifications Commerce could have made."  Defendant's Response to Plaintiffs' Motion for Reconsideration," ECF Doc. 49 (Aug. 11, 2022) at 7 ("Def. Resp.") (citing *Opinion* at 30); "Response of Defendant-Intervenor in Opposition to Plaintiffs' Rule 59 Motion for Reconsideration," ECF Doc. 48 (July 29, 2022) at 6 ("Def.-Int. Resp.") (same).  The *Bonney Forge Redetermination* establishes that, in fact, no such "procedural modifications" could have been undertaken to render Commerce's "verification" statutorily compliant between case briefing and the final determination, rendering any administrative arguments futile.

Whereas Defendant asserts that the *Bonney Forge Redetermination* is not relevant to this case, the distinctions Defendant identifies are immaterial.  *See* Def. Resp. at 4-7.  *First*, Defendant repeatedly characterizes the *Bonney Forge Redetermination* as "unadjudicated" and "nonprecedential," without explanation as to why those adjectives matter when Commerce's

remand redetermination is the agency's official position.  *See, e.g.*, Def. Resp. at 5.  There is nothing unsettled about the relevant <u>facts</u> in the *Bonney Forge Redetermination*.[1]  Commerce therein asserted that 63 days was insufficient time to "pursue {a} request" for procedural modifications to verification, *see* Rule 59 Motion at Ex. 1 at 13-14 (containing the *Bonney Forge Redetermination*), a factual representation to the court that is subject to the guarantees of USCIT Rule 11(b)(3).  Nor was Commerce acting "under protest," *see generally* Rule 59 Motion at Ex. 1, as it does when seeking to preserve its right to appeal, *see, e.g.*, *Viraj Grp., Ltd. v. United States*, 343 F.3d 1371, 1376 (Fed. Cir. 2003).  Whether the *Bonney Forge Redetermination* remains subject to this court's jurisdiction because no final judgment has been issued is not meaningful here.

*Second*, Defendant observes that *Bonney Forge* concerns a different proceeding.  *See* Def. Resp. at 6.  However, Defendant never asserts that, unlike *Bonney Forge*, Commerce had sufficient time here to conduct an in-country, on-site verification between case briefing and the final determination.  *See generally id.* (instead vaguely referencing the potential for "additional alternatives"); *see also* Oral Argument Transcript, ECF Doc. 41 (Feb. 28, 2022) at 47 (arguing that Commerce "could have done things, or…address{ed} the concerns to create a record for judicial review").  Plainly, Commerce did not.  The government concedes that both proceedings occurred "during the COVID-19 pandemic," characterizes said pandemic as a "global" phenomenon, and asserts that  "the exigencies and restrictions caused by the global COVID-19 pandemic" were the sole justification for Commerce's failure to verify here.  *See* Def. Resp. at 6; Defendant's Rule 56.2 Response Brief, ECF Doc. 23 (Oct. 8, 2021) at 5, 17, 20.  The mere

---

[1] Plaintiffs make no statement as concerns what legal conclusions the USCIT might reach in *Bonney Forge*. Only the factual proposition in discussed above is relevant here.

involvement of different companies or foreign countries is a distinction without any meaningful difference as to the question of whether it would have been futile to raise the verification argument in administrative case briefs.  Defendant makes no suggestion that the public health situation had materially abated between *Bonney Forge*'s October 13, 2020, final determination and the October 20, 2020, due date for case briefs in this case such that Commerce could practically have undertaken on-site, in-country verification.  *See* Def. Resp. at 6; Rule 59 Motion at Ex. 1 at 10.

      Defendant's and Defendant-Intervenor's remaining arguments are meritless.  Plaintiffs are not "re-litigating" the case merely by framing a newly available piece of evidence in terms of earlier arguments—that is exactly what Rule 59 is intended to permit.  *See* Def. Resp. at 4 (asserting arguments); Def.-Int. Resp. at 3-4 (same); *Maclean-Fogg Co. v. United States*, 853 F. Supp. 2d 1253, 1255 (Ct. Int'l Trade 2012) (including an "irregularity" and "the discovery of new evidence which even a diligent party could not have discovered in time" among the reasons for permitting reconsideration); *cf. also Banister v. Davis*, 140 S. Ct. 1698, 1703 n.2 (2020) (under FRCP 59, "courts may consider new arguments based on…'newly discovered or previously unavailable evidence.'").  Relatedly, and contrary to Defendant-Intervenor's suggestion, *see* Def.-Int. Resp. at 7, that Commerce had insufficient time to conduct an in-country, on-site verification is not some new, post-*Judgment* invention.  The *Bonney Forge Redetermination* simply provides conclusive evidence of that preexisting fact.  Finally, the *Opinion* does not state that Plaintiffs *never* asserted during administrative proceedings that on-site verification was required by statute.  *See Opinion* at 27-28; Plaintiffs' Post-Preliminary Comments at 38-39 (Appx82917-82918).  On this point, it is Defendant and Defendant-Intervenor who are seeking to re-litigate issues.  *See* Def. Resp. at 7 & n.3; Def.-Int. Resp. at 4-5.

The *Opinion* does not describe Plaintiffs' post-preliminary submission as an "endorse{ment}" of Commerce's actions, but instead bases that characterization upon Plaintiffs' administrative case brief, which, it is now evident, was submitted at a point in time when Commerce was already powerless to grant the relief necessary to comply with the statute. *See Opinion* at 28.

Plaintiffs submit that "administrative regularity" alone is not a sufficient basis to decline to apply the futility exception here, particularly given that Commerce's final results address the issue of on-site verification by plainly stating that "on-site verifications {are} required under Section 782(i) of the Act." Final IDM at 2 (Appx083283). Defendant appears to suggest that some further factual development might be necessary to shoehorn this appeal into the strictures of *Consol. Bearings Co. v. United States*, 348 F.3d 997, 1003 (Fed. Cir. 2003), *see* Def. Resp. at 4-5, but this is incorrect. Plaintiffs' lead argument is that—under *Chevron* step one—the statute, Statement of Administrative Action, and Commerce's own regulations mandate that verification be in-country and on-site. *See, e.g.*, "Brief of Plaintiff in Support of Their Rule 56.2 Motion for Judgment on the Agency Record," ECF Doc. 21 (July 9, 2021) at 14-15 ("The major issue in Plaintiffs' appeal presents an issue of law concerning Commerce's failure to verify information relied upon in Commerce's final determination in a less-than-fair-value investigation. Under *Chevron* step one, Commerce did not have a legal basis to forego conducting a verification of the respondents' data before using those data in the Final Determination"); *id.* at 17-18 (detailing argument); "Reply Brief of Plaintiffs," ECF Doc. 26 (Nov. 5, 2021) at 11, 13-14 (reasserting argument). Given the absence of any dispute that Commerce's procedures were neither in-country nor on-site, no further factual development is necessary for this court to rule upon this line of argument. The sole issue yet-to-be decided is one of law, and as administrative briefing of this issue would have been fruitless in light of the *Bonney Forge Redetermination*, the Court

should reach the merits of Plaintiffs' argument by applying the futility exception to the exhaustion doctrine.

*     *     *

For the reasons set forth above, Plaintiffs respectfully request that this court grant Plaintiffs' Rule 59 Motion and find the futility exception to the exhaustion doctrine to be applicable here.

                        Respectfully submitted,

                        /s/ Thomas M. Beline
                        Thomas M. Beline
                        Jack A. Levy
                        Myles S. Getlan
                        James E. Ransdell
                        Nicole Brunda
                        Chase J. Dunn

                        CASSIDY LEVY KENT (USA) LLP
                        900 19th Street, N.W.
                        Suite 400
                        Washington, D.C. 20006
                        (202) 567-2300
                        (202) 567-2301
                        tbeline@cassidylevy.com

                        *Counsel to Ellwood City Forge Company, Ellwood National Steel Company, Ellwood Quality Steels Company, and A. Finkl & Sons*