Slip Op. No. 22-123

## UNITED STATES COURT OF INTERNATIONAL TRADE

|  |  |
|---|---|
| ELLWOOD CITY FORGE COMPANY, ELLWOOD NATIONAL STEEL COMPANY, ELLWOOD QUALITY STEELS COMPANY, and A. FINKL & SONS<br><br>*Plaintiffs,*<br><br>v.<br><br>UNITED STATES,<br><br>*Defendant,*<br><br>and<br><br>METALCAM S.P.A.,<br><br>*Defendant-Intervenor.* | Before: Stephen Alexander Vaden, Judge<br><br>Court No. 1:21-00073 |

## <u>OPINION AND ORDER</u>

[Denying Plaintiffs' Motion for Reconsideration.]

Dated: November 8, 2022

*Thomas M. Beline*, Cassidy Levy Kent LLP, of Washington, DC, for Plaintiffs. With him on the brief were *Jack A. Levy*, *Myles S. Getlan*, *Jeffery B. Denning*, *James E. Ransdell*, and *Nicole Brunda*.

*Sarah E. Kramer*, Trial Attorney, Commercial Litigation Branch, Civil Division, U.S. Department of Justice, of Washington, DC, for Defendant United States. With her on the brief were *Brian M. Boynton*, Principal Deputy Assistant Attorney General, *Jeanne E. Davidson*, Director, Commercial Litigation Branch, *Patricia M. McCarthy*, Assistant Director, Commercial Litigation Branch, and *Hendricks Valenzuela*, Office of Chief Counsel for Trade Enforcement and Compliance, U.S. Department of Commerce.

Court No. 1:21-cv-00073 Page 2

*Douglas J. Heffner*, Faegre Drinker Biddle & Reath, LLP, of Washington, DC, for Defendant-Intervenor. With him on the brief was *Richard P. Ferrin*.

**Vaden, Judge:** On July 7, 2022, Plaintiffs Ellwood City filed a Motion under USCIT Rule 59(a)(1)(B) for reconsideration of the Court's June 14, 2022, Opinion and the accompanying Judgment, which denied Plaintiffs' Motion for Judgment on the Agency Record and sustained Commerce's determination. *See Ellwood City Forge Co. v. United States*, 582 F. Supp. 3d 1259 (CIT 2022). In that decision, the Court found that a failure to exhaust administrative remedies barred Ellwood City's arguments protesting Commerce's verification method and that substantial evidence supported Commerce's determination. *See id.* In its Motion for Reconsideration, Ellwood City cites "new facts" in the form of a remand redetermination Commerce filed in an unrelated case. *See* Pls.' Mot. for Recons. (Pls.' Mot.) at 1, ECF No. 46. Defendant filed a response to Plaintiffs' Motion on August 11, 2022, arguing that Ellwood City's Motion is an inappropriate attempt to relitigate the case based on irrelevant evidence in a separate proceeding. Def.'s Resp. to Pls.' Mot. for Recons. (Def.'s Resp.) at 4, ECF No. 49. Plaintiffs filed a reply brief on August 25, 2022, and the Motion is ripe for consideration. Pls.' Reply in Supp. of Mot. for Recons. (Pls.' Reply), ECF No. 50. For the reasons that follow, Plaintiffs' Motion is **DENIED**.

## BACKGROUND

The Court presumes familiarity with the facts of this case as set forth in its previous opinion, *see Ellwood City*, 582 F. Supp. 3d at 1265–70, and recounts only

those facts relevant to the disposition of this Motion.   Plaintiffs are domestic producers of forged steel fluid end blocks (FEBs) that, in December 2019, filed a petition requesting Commerce investigate whether Italian producers were selling FEBs at below fair market value in the United States.  *Forged Steel Fluid End Blocks from the Federal Republic of Germany, India, and Italy:  Initiation of Less-Than-Fair-Value Investigations*, 85 Fed. Reg. 2,394 (Jan. 15, 2020).  The ensuing investigation, which Commerce initiated in January 2020, coincided with the start of the COVID-19 pandemic.  *See Ellwood City*, 582 F. Supp. 3d at 1266.  Commerce modified its procedures because of pandemic restrictions and issued questionnaires "in lieu of" on-site verification to respondents Metalcam and Lucchini.  *Id.* at 1267.

During this investigation, Ellwood City never objected to Commerce's revised verification policy but instead praised and affirmed it.  *See id.* at 1268.  On December 11, 2020, Commerce published its Final Determination, assigning a 0.00% dumping margin to Metalcam and 7.33% to Lucchini.  *Forged Steel Fluid End Blocks from Italy: Final Affirmative Determination of Sales at Less Than Fair Value*, 85 Fed. Reg. 79,996, J.A. at 83,315, ECF No. 29.  Dissatisfied with the results, Ellwood City filed suit in this Court.  Compl., ECF No. 6.  Despite never raising any objection before the agency, in its briefs before the Court, Ellwood City argued that Commerce's decision to substitute questionnaires for on-site verification was contrary to law.  Pls.' Mot. for J. on the Agency R. at 14–16, ECF No. 21.  The Government responded that Ellwood City forfeited its verification argument because Ellwood City did not first address it

to the agency.  Def.'s Resp. to Pls.' Mot. for J. on the Agency R. at 7, ECF No. 23.

Ellwood City countered that it had raised some form of its objection previously and

that, even if it had not, the futility and pure-question-of-law exceptions applied.  Pls.'

Reply in Support of Mot. for J. on the Agency R. at 6, 8, ECF No. 26.  The Court issued

its opinion on June 14, 2022, holding in relevant part that Ellwood City forfeited its

verification argument because it failed to object at any point during the investigation

and that none of the exceptions to the administrative exhaustion requirement

applied.  *See Ellwood City*, 582 F. Supp. 3d at 1265.

## STANDARD OF REVIEW

Plaintiffs move the Court to reconsider, alter, or amend its prior decision under

USCIT Rule 59(a)(1)(B), which is a mechanism for requests for reconsideration in the

Court of International Trade.[1]  *See United States v. UPS Customhouse Brokerage,*

*Inc.*, 714 F. Supp. 2d 1296, 1300 (CIT 2010).  Under USCIT Rule 59(a)(1)(B), "[t]he

court may, on motion, grant a new trial or rehearing on all or some of the issues –

and to any party . . . after a nonjury trial, for any reason for which a rehearing has

heretofore been granted in a suit in equity in federal court."  USCIT Rule 59(a)(1)(B).

---

[1] Despite the plain text of Rule 59 referring to "actions which have been tried and gone to judgment," longstanding decisions of this Court identify Rule 59 as allegedly broad enough to include "rehearing of any matter decided by the court without a jury."  *Nat'l Corn Growers Ass'n v. Baker*, 623 F. Supp. 1262, 1274 (CIT 1985).  Regardless of whether USCIT Rule 59 or USCIT Rule 60 is the more textually appropriate basis for Plaintiffs' Motion, this Court has the power to reconsider its prior opinion. *Compare* USCIT Rule 59(a)(1)(B) (invoked by Plaintiffs here and providing for rehearing "for any reason for which a rehearing has heretofore been granted in a suit in equity in federal court"), *with* USCIT Rule 60(b) (providing that the Court "may relieve a party or its legal representative from a *final judgment, order*, or proceeding" for any of the listed reasons) (emphasis added).

The grant of a motion for reconsideration is within the sound discretion of the Court. *UPS Customhouse Brokerage, Inc.*, 714 F. Supp. 2d at 1300 (citing *Yuba Nat. Res., Inc. v. United States*, 904 F.2d 1577, 1583 (Fed. Cir. 1990)).

Reconsideration or rehearing of a case is proper when "a significant flaw in the conduct of the original proceeding" exists. *Union Camp Corp. v. United States*, 963 F. Supp. 1212, 1213 (CIT 1997) (quoting *Kerr-McGee Chem. Corp. v. United States*, 14 CIT 582, 583 (1990)). "A motion for reconsideration will not be granted merely to give a losing party another chance to re-litigate the case or present arguments it previously raised." *Am. Nat. Fire Ins. Co. v. United States*, 30 C.I.T. 1426, 1427 (2006); *accord Peerless Clothing Int'l, Inc. v. United States*, 991 F. Supp. 2d 1335, 1337 (CIT 2014). The Court should not disturb its prior decision unless it is manifestly erroneous. *Papierfabrik August Koehler SE v. United States*, 44 F. Supp. 3d 1356, 1357 (CIT 2015).

## DISCUSSION

Ellwood City's Motion appears to be little more than an impermissible attempt to relitigate an argument the Court already considered and rejected. For that reason and for reasons similar to those articulated in the Court's recent slip opinion in *Ellwood City Forge Company v. United States*, Case No. 21-77, Ellwood City's Motion is denied.

Ellwood City cites to remand results in a separate proceeding, *Bonney Forge Corp. v. United States*, Case No. 20-3837, Final Results of Remand Redetermination

Pursuant to Court Remand, ECF No. 61, in which Commerce stated that a party's timely objection to Commerce's verification questionnaires in the administrative case brief still would not have allowed enough time for Commerce to reevaluate its methodology in that case.  Pls.' Mot. at 3, ECF No. 46.  Ellwood City argues that statement, in an unrelated proceeding, necessarily indicates that it would have been futile for Ellwood City to raise its verification argument in the administrative case brief in *this* proceeding.  But Ellwood City misunderstands the nexus between futility and the statutory and regulatory requirement to exhaust administrative remedies.  Though 19 C.F.R. § 351.309(c)(2) delineates the *last* opportunity for a party to raise a relevant argument it hopes to preserve for court review, it is by no means the first or only opportunity for a party to object to Commerce's chosen procedures.  Ellwood City was aware of Commerce's verification questionnaire methodology by September 2, 2020.  Letter to Metalcam, J.A. at 3,027, ECF No. 30.  In the ensuing three months between receiving notice of Commerce's intentions and Commerce's issuance of its final decision, Ellwood City never once raised an objection to Commerce's proposed questionnaires in lieu of verification.  As Commerce aptly stated in its response brief, "Ellwood not only failed to raise its newly alleged grievances in its case briefs, it failed to raise them *at all*."  Def.'s Resp. at 7, ECF No. 49 (emphasis in original).  It did not request to file additional comments when the questionnaires were issued, nor did it seek a meeting with Commerce to demand an in-person verification.  *See Ellwood City*, 582 F. Supp. 3d at 1266–69 (recounting details of Ellwood City's actions and

arguments during the investigation).  Ellwood City did not raise its objections in the administrative brief, rebuttal brief, or public hearing.  *Id.*  As the Government noted, "the case briefing stage was not the only time Ellwood could have registered objections to the verification questionnaire process.  Indeed, it could have raised its concerns any time after Commerce indicated it would be conducting verification by questionnaire rather than on-site."  Def.'s Resp. at 6, ECF No. 49.

The principal case Ellwood City cites demonstrates this well.  Although the complaining party there did not mention its objection in a final brief, it had previously raised the objection before the agency once in comments and again in meetings with eight Commerce officials.  *See Itochu Bldg. Prod. v. United States*, 733 F.3d 1140, 1146–48 (Fed. Cir. 2013).  The squeaky wheel gets the grease, but Ellwood City chose to be as quiet as a church mouse.  The remand results in *Bonney Forge* — if they could be considered here[2] — would offer Ellwood City no respite.  A party that completely fails to object is not in the same position as one who made an effort to do so.   Plaintiffs have simply reiterated the futility argument they made previously, which is not an appropriate ground for reconsideration.  *See* Pls.' Reply in Supp. of Mot. for J. on the Agency R. at 8, ECF No. 26; *Am. Nat. Fire Ins. Co.*, 30 C.I.T. at 1427.

---

[2] The Government objects to the consideration of the *Bonney Forge* Remand Results as non-record evidence.  Def.'s Resp. at 4–5, ECF No. 49.  The Government is correct about this, but the Court has chosen to address Plaintiffs' arguments because the substance of the Remand Results do not alter the outcome.

Court No. 1:21-cv-00073                                                           Page 8

## CONCLUSION

Plaintiffs have failed to identify a "significant flaw" in the Court's opinion.  *Cf. Union Camp Corp.*, 963 F. Supp. at 1213.  The evidence they have identified does not change the viability of their appeal to futility.  For the reasons expressed herein as well as the more fulsome discussion found in the separate opinion in *Ellwood City Forge Company v. United States*, Case No. 21-77, also decided today, Plaintiffs' Motion is **DENIED.**

/s/      Stephen Alexander Vaden
Stephen Alexander Vaden, Judge

Dated: November 8, 2022
          New York, New York